Filed 4/26/13  P. v. Borg CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>            Plaintiff and Respondent,<br><br>v.<br><br>TYLER J. BORG,<br><br>            Defendant and Appellant. | A134306<br><br>(Sonoma County<br>Super. Ct. No. SCR506102) |

Tyler John Borg appeals from a judgment imposed following revocation of his probation.  He contends that the trial court abused its discretion in imposing a previously suspended prison sentence of eight years.  We affirm.

### FACTUAL BACKGROUND

On April 17, 2007, defendant pled no contest to one count of assault with a deadly weapon (Pen. Code,[1] 245, subd. (a)(1)) and admitted the allegation that he inflicted great bodily injury on the victim (§ 12022.7, subd. (b)).  The factual basis for the plea stemmed from defendant's involvement in a fight with his brother.  Defendant's brother struck the windshield of defendant's car with a rake and fled to his car.  As defendant's brother was backing up his car, defendant threw a large rock through the back window, striking the brother's girlfriend, who was seated in the passenger seat.  The girlfriend was in a coma for one month, underwent two brain surgeries, and remained in the hospital for two

---

[1] All further statutory references are to the Penal Code.

months.  She endured months of therapy, numerous procedures, and physical and emotional trauma.

On June 14, 2007, the court sentenced defendant to state prison for the aggregate term of eight years.  It suspended imposition of sentence and placed defendant on probation for three years on conditions including that he serve one year in the county jail.

On February 4, 2010, defendant was charged in Case No. SCR-577810 with one count of spousal abuse with a prior conviction of corporal injury on a spouse.  The incident involved an argument between defendant and his then-wife in which defendant threw a television remote control at his wife, striking her on the ankle which resulted in a painful and large bruise.  Defendant's wife threw the remote control at the television set and shattered the screen.  Defendant then grabbed his wife around the throat and shoved her into the wall.  A request to revoke probation based on the spousal abuse allegation was thereafter filed.

On March 2, 2010, defendant pled guilty to a misdemeanor violation of spousal abuse.  On April 2, 2010, the court sentenced defendant to 60 days concurrent on the misdemeanor violation, extended his probation term an additional two years, and imposed a term of seven months in the county jail.  He was further ordered not to contact, threaten or harass his wife.

On September 10, 2010, a third request to revoke probation was filed alleging that defendant violated the probation condition that he have no contact with his wife.  The probation department reported that defendant had harassed his wife and had continued telephone and physical contact with her in violation of probation.  A criminal protective order restraining defendant from contacting his wife was entered on September 10, 2010.  On February 10, 2011, defendant was reinstated on probation.

A final request to revoke probation was filed on July 27, 2011, after defendant was involved in a traffic collision in which he and his ex-wife[2] were injured.  Defendant claimed he was taking his ex-wife to the hospital when she grabbed the steering wheel

_____

[2] At some point, defendant and his wife divorced.

2

and the accident occurred. Defendant suffered a concussion and a fractured neck. Defendant's ex-wife denied that she grabbed the wheel of the car and claimed that they had gone shopping and to Taco Bell before the accident occurred. She told the police that they had argued because she told the defendant that she was seeing someone else.

On August 22, 2011, defendant admitted the probation violation. A sentencing hearing was held on October 26, 2011; the court took the matter under submission.

On November 18, 2011, the court sentenced defendant to the previously suspended term of eight years in state prison. The court found that continuing defendant on probation would be inappropriate given defendant's numerous violations and extremely serious conduct. The court noted that the victim in the underlying case continued to suffer ramifications from her injuries including seizures. The court further found that defendant had consistently shown a blatant disregard for court orders, and that his current enthusiasm to meet the conditions of probation lacked credibility.

## DISCUSSION

Defendant contends that the trial court abused its discretion in sentencing him to serve the previously suspended sentence of eight years.

The court has discretion to revoke probation in the interests of justice when it "has probable cause to believe that the supervised person is violating any term or condition of his or her supervision . . . ." (§ 1203.2, subd. (a).) While the court's discretion is very broad, the court may not act arbitrarily or capriciously, and its determination must be based on the facts before it. (*People v. Angus* (1980) 114 Cal.App.3d 973, 987–988.) A trial court's decision is accorded great weight on appeal, and it will not be reversed on appeal unless there is a manifest abuse of discretion resulting in a miscarriage of justice. (*Id.* at p. 988.)

Here, defendant admitted that he violated the conditions of probation. The underlying conviction was a serious one in which defendant caused the victim to suffer great bodily injury with resulting complications including seizures she still endures. In addition, defendant continually violated probation, including not only contacting his ex-wife, but violating other conditions of probation including failing to complete community

3

service hours and not fully participating in a domestic violence program.[3]   Indeed, defendant was terminated from the domestic violence program in July 2011, following reports that he acted inappropriately during sessions with other group members, which reflected that he was not taking the program seriously.

The record thus fully supports the trial court's exercise of discretion to deny probation and order defendant to serve the previously imposed term.  Probation is a privilege (see *People v. Bravo* (1987) 43 Cal.3d 600, 608); defendant failed to abide by its conditions.

## DISPOSITION

The judgment is affirmed.

_____
Rivera, J.

We concur:

_____
Reardon, Acting P.J.

_____
Humes, J.

---

[3] Although defendant was placed on probation in 2007, as of February 3, 2009, defendant had completed just three hours of work.  Between February 2009 and February 2010, he completed 318 of the 500 hours ordered, but did not complete any more hours before the Volunteer Center closed his case in June 2010.  The probation department also reported that defendant had been fired from one of his placements.

4